SOKOLOFF STERN LLP
Mark A. Radi (NYSB No. 4647947) *(Pro Hac Vice Pending)*
179 Westbury Avenue
Carle Place, New York 11514
Tel:  516. 334.4500
Fax:  516.334.4501
Email: mradi@sokoloffstern.com

J A N I S  L A W  G R O U P
A PROFESSIONAL CORPORATION
Dean T. Janis (CSB No. 144791)
550 West C Street, Suite 1155
San Diego, CA 92101
Tel:   619.814.3525
Fax:   619.955.5318
Email: dean.janis@janislaw.net

Attorneys for Plaintiff
Michael Gurrieri

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GURRIERI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CARMINA DURAN, an individual, ANDRA DONOVAN, an individual, and CINDY MARTEN, an individual, in their individual capacities,<br><br>Defendants. | CASE NO.  **'15CV1674 W    BLM**<br><br>**COMPLAINT FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff MICHAEL GURRIERI, by and through his attorneys SOKOLOFF STERN LLP and JANIS LAW GROUP, APC, brings this action against defendants CARMINA DURAN, ANDRA DONOVAN, and CINDY MARTEN in their individual capacities, alleging the violation of Plaintiff's First Amendment right to freedom of speech pursuant to 42 U.S.C. § 1983 as follows:

## PARTIES

1. Plaintiff Michael Gurrieri is a former Internal Investigator for the San Diego Unified School District Quality Assurance Office.

2. Plaintiff resides in Charleston, South Carolina.

3. Defendant Carmina Duran is, and at all relevant times hereto was, the Quality Assurance Office Executive Director for the San Diego Unified School District. She is sued in her individual capacity. On information and belief, Carmina Duran is a resident of San Diego County, California.

4. Defendant Andra Donovan is, and at all times relevant hereto was, the General Counsel for the San Diego Unified School District Legal Services Office. She is sued in her individual capacity. On information and belief, Andra Donovan is a resident of San Diego County, California.

5. Defendant Cindy Marten is, and at all times relevant hereto was, the Superintendent of Public Education for the San Diego Unified School District. She is sued in her individual capacity. On information and belief, Cindy Marten is a resident of San Diego County, California.

## JURISDICTION AND VENUE

6. Plaintiff brings this action alleging the violation of his First Amendment right to freedom of speech under 42 U.S.C. § 1983 and for attorneys' fees pursuant to 42 U.S.C. § 1988.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case presents a federal question, and 28 U.S.C. § 1332 in that this case involves diversity of citizenship and an amount in controversy exceeding the sum or value of $75,000.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because defendants are residents of this state and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

9. This Court has personal jurisdiction over defendants because they are residents of this state.

10. On April 14, 2015, plaintiff served a verified Notice of Claim on the San Diego Unified School District Board of Education, San Diego Unified School District Legal Services Office, and San Diego Unified School District Risk Management, in compliance with California Government Code § 910 *et seq.* and San Diego Unified School District Administrative Procedure No. 1720, alleging termination from his employment in retaliation for speaking on matters of public concern.

11. On April 24, 2015, San Diego Unified School District Risk Management rejected plaintiff's claim.

## STATEMENT OF FACTS

12. Before he worked for the San Diego Unified School District (hereinafter "the District"), plaintiff worked for the Charleston County Sheriff's Office as a deputy sheriff and detective for approximately six years.

13. Plaintiff had approximately eight and a half years experience as a law enforcement officer and detective before beginning his employment with the District.

14. As a law enforcement officer and detective, plaintiff had extensive training and experience in investigating criminal complaints and report writing.

15. In or around March 2014, the District hired plaintiff as a probationary Internal Investigator for the District Quality Assurance Office.

16. Plaintiff, a former South Carolina resident, moved to California solely for employment with the District.

17. Plaintiff started his employment with the District on or about April 7, 2014.

18. As Internal Investigator, plaintiff's duties included the investigation of complex and highly sensitive matters regarding parent and student complaints of District employee misconduct, and allegations pertaining to student safety, violence against children, bullying, sexual harassment, and other egregious acts.

3

JANIS LAW GROUP, APC

COMPLAINT

19. To carry out his responsibilities, plaintiff had to gather facts and develop evidence, conduct witness interviews, and prepare investigation reports and summaries of his factual findings.

20. It was not part of plaintiff's duties to provide recommendations regarding remedial or disciplinary measures to be taken by the District or its Board of Education ("the Board").

21. It was not part of plaintiff's duties to comment upon remedial or disciplinary measures taken (or not taken) by the District or Board or to comment on District or Board policies.

22. Plaintiff reported to defendants Carmina Duran and Andra Donovan.

23. Upon information and belief, as a probationary employee, District Administrative Procedure required plaintiff to receive a written performance evaluation at least twice during the one-year probationary period; once before the end of six months, and once before the end of eleven months.

24. During plaintiff's employment, he investigated allegations of student-on-student and faculty-on-student discrimination and harassment, bullying, sexual harassment, and other matters of public concern in the public schools of San Diego.

25. On or about May 3, 2013, Student C, a kindergarten student at Green Elementary School in the District, allegedly pulled down the pants of his classmate, Student E, and put Student E's penis into his mouth, while in the boys' bathroom during the school day.

26. Upon information and belief, Student E's parents reported the incident to Green Elementary School Principal Bruce Ferguson.

27. Upon information and belief, Ferguson failed to take appropriate measures in response to Student E's complaint.

28. On or about May 19, 2014, Student E's parents filed a complaint with the District alleging Ferguson failed to follow District policies and procedures in handling the sexual assault of Student E, created an unsafe school environment for Student E and other students by failing to

follow the District's sexual assault policy, and failed to inform Student E's parents of the District's sexual harassment complaint procedures.

29. On or about May 19, 2014, plaintiff was assigned to investigate the Student E complaint.

30. From May through October 2014, plaintiff conducted a thorough investigation of Student E's complaint, interviewing the complainants, Ferguson, and a number of other witnesses.

31. During the investigation, plaintiff reported allegations that Ferguson had not taken proper precautions after learning of the sexual assault on Student E.

32. Plaintiff also uncovered allegations of other similar prior and subsequent incidents of sexual harassment/assault between elementary school children of which Ferguson was aware, but failed to take appropriate action.

33. Plaintiff also uncovered allegations suggesting Ferguson failed to supervise staff and students properly, neglected his duties, abused alcohol during the school day, was frequently absent or unavailable during the school day, and was generally negligent and incompetent in the performance of his official duties as school principal.

34. Student on student sexual assaults in elementary schools, an elementary school principal's failure to respond appropriately to allegations of student-on-student sexual assault, an elementary school principal's negligence in the performance of his duties, and an elementary school principal's abuse of alcohol during the school day are matters of public concern.

35. Upon information and belief, Ferguson's negligence had previously resulted in a "no confidence" vote by the Green Elementary School staff regarding Ferguson's leadership ability.

36. Upon information and belief, after the District received the Student E complaint, Ferguson took a leave of absence at the District's suggestion to deal with personal issues.

37. In his investigation of the Student E complaint, plaintiff wrote a long and detailed report that included allegations of other incidents of sexual harassment/assault between Green

Elementary School students and allegations of Ferguson's negligence and/or misconduct in the performance of his official duties.

38. Plaintiff submitted his investigation report to Duran.

39. Upon information and belief, Donovan also reviewed plaintiff's report and knew its contents.

40. Upon information and belief, Marten knew about the contents of plaintiff's report through conversations and meetings with Duran and Donovan.

41. Duran and Donovan repeatedly instructed plaintiff to delete from his report the allegations pertaining to other incidents of sexual harassment/assault and Ferguson's negligence and/or misconduct.

42. Upon information and belief, Marten directed the allegations of other incidents of sexual harassment/assault and Ferguson's misconduct be removed from plaintiff's investigation report in order to protect Ferguson.

43. Defendants stated it was not part of plaintiff's job to report allegations of other incidents of sexual harassment/assault involving other students and Ferguson's misconduct claiming it was outside the scope of the Student E investigation.

44. Plaintiff repeatedly objected to Duran and Donovan's improper instructions to delete part of his report, stating he believed such allegations were pertinent to the investigation of Student E's complaint that Ferguson failed to properly respond to the sexual assault, that they demonstrated a pattern of Ferguson's negligence and failure to properly respond to allegations of sexual assault and other serious incidents involving students in the school, and demonstrated Ferguson was not acting in the best interest of the safety of his students.

45. Plaintiff voiced these objections to Duran, Donovan, and other District employees.

46. Plaintiff also stated his belief to Duran, Donovan, and other District employees that the allegations against Ferguson warranted further investigation and possible discipline in

6

order to remedy the situation for the protection of the children and that Ferguson was unfit to continue as Principal of Green Elementary School.

47. Plaintiff also complained to the complainant that he had been instructed to draft the report in a certain way and soften the allegations regarding Ferguson, expressed sympathy to the complainant, and implied his opinion that Ferguson should be disciplined.

48. Plaintiff's objections to deleting allegations of student-on-student sexual assault and negligence/misconduct by the elementary school principal and statements that the school principal should be disciplined for not properly responding to sexual assault allegations or otherwise properly performing his job are matters of public concern.

49. It was not part of plaintiff's job responsibilities to object to his supervisors' instructions, make disciplinary recommendations, or comment on personnel matters.

50. It was not part of plaintiff's job responsibilities to refuse to falsify a truthful report by removing pertinent allegations that, if true, constituted negligence and/or misconduct, incompetence and/or inefficiency, and a danger to the health and safety of District employees and students.

51. It was not part of plaintiff's job to express his opinions on District policies, practices, procedures, or employee discipline.

52. Upon information and belief, Marten, through conversations and meetings with Duran and Donovan, knew of plaintiff's objection to removing the allegations pertaining to other incidents of sexual assaults and his belief that Ferguson had engaged in misconduct and warranted discipline.

53. Upon information and belief, Marten knew that Ferguson was experiencing personal issues and wanted to protect Ferguson from discipline and embarrassment.

54. Upon information and belief, Marten had decided not to discipline Ferguson for his failure to properly respond to the sexual assault of Student E and other acts of negligence and/or misconduct before plaintiff had concluded his investigation.

55. Over plaintiff's protestations, Duran and Donovan deleted, and ordered plaintiff to delete, the allegations pertaining to other incidents of sexual harassment/assault and Ferguson's negligence and/or misconduct from plaintiff's investigation report.

56. Throughout the duration of plaintiff's employment, plaintiff continued to object to, and complain about, the deletion of those allegations from the report to Duran, Donovan, and other District employees.

57. Upon information and belief, Donovan presented to Student E's parents a significantly shorter report than the one plaintiff originally authored, omitting allegations of other sexual assaults/harassment involving elementary school children and negligence/misconduct by Ferguson.

58. Upon information and belief, Student E's parents complained about the findings and conclusion of the report to Donovan and/or Duran.

59. Upon information and belief, Duran and/or Donovan presented a third version of the report to Student E's parents.

60. Upon information and belief, the third version of the report omitted allegations of other incidents of sexual harassment/assault involving elementary school children and Ferguson's negligence and/or misconduct.

61. Upon information and belief, Ferguson was not disciplined for the Student E incident or any of the other incidents uncovered by plaintiff's investigation.

62. Plaintiff expressed his objection to Duran, Donovan and other District employees about the District's decision not to discipline Ferguson for not properly handling the sexual assault of Student E and refusal to investigate the additional allegations of gross negligence/misconduct. Such statements by plaintiff pertained to matters of public concern.

63. It was not part of plaintiff's job responsibilities to comment on the District's discipline of Ferguson.

64. Upon information and belief, Student E ultimately filed a claim against the District alleging Ferguson failed to properly respond to Student E's complaint of sexual assault.

65. Upon information and belief, the District settled the claim with Student E.

66. Upon information and belief, a Green Elementary School special needs first grade student recently filed a claim against the District claiming she was sexually assaulted by three students while in the bathroom during the school day in May 2014.

67. Upon information and belief, Ferguson failed to appropriately respond to the complaint of sexual assault.

68. Upon information and belief, Ferguson took a second leave of absence from the District after that claim was filed.

69. Upon information and belief, the District has failed to appropriately respond to other incidents of student-on-student sexual harassment/assault in its public schools.

70. During his employment, plaintiff also complained to Duran about the District's refusal to terminate a high school coach after investigation revealed allegations that he had verbally and physically abused students and admittedly used tobacco products on District property during the school day in violation of District policy.

71. Allegations of verbal and physical abuse of students by a high school coach pertain to matters of public concern.

72. It was not part of plaintiff's job responsibilities to recommend disciplinary action or comment upon disciplinary or personnel decisions.

73. During his employment with the District, plaintiff also complained to Duran and other District employees that the Quality Assurance Office gave preferential treatment and investigative priority to certain classes of individuals, causing less favorable treatment of minority complainants.

74. Plaintiff complained to Duran and other District employees about investigative policies and procedures, the operation and management of the District, and his belief that District policies and procedures were outdated and did not comply with California Education Code requirements.

COMPLAINT

JANIS LAW GROUP, APC

75. Allegations of discriminatory practices by a public school district and the operation and management of a public school district are matters of public concern.

76. It was not part of plaintiff's job responsibilities to comment on District policies, practices, or procedures.

77. Prior to reporting allegations of other incidents of sexual assault/harassment in the elementary school, Ferguson's negligence/misconduct, and objecting to improper District practices and policies, plaintiff did not receive negative performance evaluations amounting to anything more than constructive criticism commonly given to all probationary employees.

78. Plaintiff never received any written performance evaluations, including the six-month performance evaluation for probationary employees required by District Administrative Procedure.

79. Plaintiff was never the subject of any disciplinary action while employed by the District.

80. On or about October 20, 2014 (more than six months after plaintiff was hired and after he had objected to the District's cover-up of other sexual assaults and Ferguson's misconduct and complained about the various other improper District practices and policies cited above), Duran verbally advised plaintiff she had concerns about his performance as Internal Investigator.

81. By memo dated October 22, 2014, plaintiff requested that Duran advise him in writing of the specific areas needing improvement.

82. Rather than providing written feedback as plaintiff requested, defendants terminated plaintiff's employment the very next day, conclusorily stating only that Duran "concluded [plaintiff] ha[d] not met the requirements of [his] job description of Internal Investigator."

83. Upon information and belief, Duran, Donovan, and Marten were involved in the decision to terminate plaintiff in retaliation for engaging in protected speech about the above-referenced matters of public concern.

84.     Defendants had no legitimate performance-based reasons for terminating plaintiff, who received positive feedback from his supervisors prior to engaging in the aforementioned protected speech.

85.     Defendants' failure to give plaintiff the required six-month written evaluation or any other written feedback demonstrates the alleged performance-based reason for his termination is pre-textual.

86.     As the proximate result of defendants' actions, plaintiff suffered a violation of his constitutional right to freedom of speech as secured by the First Amendment, loss of employment, emotional and physical distress, medical expenses, travel expenses, and attorneys' fees.

**FIRST CLAIM FOR RELIEF: VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. § 1983**

(Against All Defendants)

87.     Plaintiff repeats and re-alleges the allegations of paragraphs 1-86 as if fully set forth herein.

88.     As set forth above, plaintiff engaged in First Amendment protected speech pertaining to matters of public concern by reporting incidents of student-on-student sexual harassment/assault within a public elementary school; reporting allegations that a public elementary school principal failed to properly respond to complaints of student-on-student sexual harassment/assault, abused alcohol during the school day, and other allegations of negligence and/or misconduct in the performance of his official duties; objecting to the deletion of allegations of student-on-student sexual assault in a public elementary school and negligence/misconduct against a public elementary school principal; voicing his belief that an elementary school principal should be disciplined for failing to properly respond to allegations of student-on-student sexual harassment/assault and negligence/misconduct in the performance of his official duties as a public elementary school principal; objecting to the District's decision to not discipline a public elementary school principal for not properly responding to allegations of

student-on-student sexual harassment/assault and negligence/misconduct in the performance of his official duties; objecting to the District's decision to not discipline a public high school coach who allegedly verbally and physically abused students; objecting to and complaining about the public school district's discriminatory investigative policies; and complaining about the operation and management of a public school district.

89. Defendants advised plaintiff it was not part of plaintiff's job duties to report other incidents of student-on-student sexual harassment/assault or allegations that the elementary school principal failed to properly respond to other complaints of student-on-student sexual harassment/assault, was under the influence of alcohol during the school day, and other instances of negligence and/or misconduct in the performance of his official duties that were not the subject of the Student E investigation.

90. It was not part of plaintiff's job duties to object to his supervisors' orders to delete allegations of student-on-student sexual assault and negligence/misconduct against a school principal from an official investigative report; to refuse to falsify a truthful investigative report by omitting allegations of student-on-student sexual harassment/assault and negligence and/or misconduct by the school principal in the official performance of his duties; to report allegations of sexual harassment/assault and negligence/misconduct in contravention of his supervisors' directives; to provide recommendations regarding discipline or remedial measures to be taken by the District; to comment on disciplinary measures taken by the District or District personnel matters; to express his belief that Ferguson should be further investigated and/or disciplined for negligence/misconduct; to complain about the District's refusal to discipline Ferguson; to object to the District's decision to not discipline a public high school coach who allegedly verbally and physically abused students; to comment on District policies, practices, and procedures; to complain about and object to the District's discriminatory investigative practices; or to complain about the operation and management of the District.

91. Defendants knew plaintiff engaged in all of the above-cited protected speech.

COMPLAINT

JANIS LAW GROUP, APC

92. Defendants terminated plaintiff in retaliation for engaging in all of the above-cited First Amendment protected speech.

93. As the proximate result of defendants' actions, plaintiff suffered a violation of his constitutional right to freedom of speech as secured by the First Amendment, loss of employment, emotional and physical distress, medical expenses, travel expenses, and attorneys' fees.

94. Plaintiff seeks compensatory damages, including, but not limited to, lost wages, back pay, front pay, benefits, travel expenses, medical expenses, damages for emotional and physical distress, and interest.

95. Plaintiff also seeks punitive damages against all defendants as their actions in retaliating against plaintiff demonstrate evil motive or intent and/or reckless or callous indifference to plaintiff's constitutional rights.

96. Plaintiff also seeks all costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and all other monetary damages authorized by law.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, in favor of Plaintiff as follows:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages against all defendants in an amount to be determined at trial;

c. Reasonable attorneys' fees, costs, and expenses; and

d. Such other and further relief as this Court deems just, equitable, and proper.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

**JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Michael Gurrieri hereby demands trial by jury on all issues so triable.

Dated: July 27, 2015

SOKOLOFF STERN LLP

By: /s/ Mark A. Radi
Mark A. Radi
179 Westbury Avenue
Carle Place, New York 11514
Tel: (516) 334-4500
Fax: (516)334-4501
Email: mradi@sokoloffstern.com

JANIS LAW GROUP
A PROFESSIONAL CORPORATION

By: /s/ Dean T. Janis
Dean T. Janis
JANIS LAW GROUP, APC
550 West C Street, Suite 2000
San Diego, CA 92101
Tel: (619) 814-3526
Fax: (619) 955-5318
Email: dean.janis@janislaw.net

*Attorneys for Plaintiff*
*Michael Gurrieri*

JANIS LAW GROUP, APC

COMPLAINT