1  MICHAEL C. SULLIVAN (SBN 131817)
   msullivan@paulplevin.com
2  DOUGLAS R. CLIFFORD (SBN 231971)
   dclifford@paulplevin.com
3  FREYAAN Y. KARANJIA (SBN 286333)
   fkaranjia@paulplevin.com
4  **PAUL, PLEVIN, SULLIVAN &**
5  **CONNAUGHTON** LLP
   101 West Broadway, Ninth Floor
6  San Diego, California  92101-8285
   Telephone:  619-237-5200
7  Facsimile:   619-615-0700

8
   Attorneys for Defendants
9  CARMINA DURAN, ANDRA DONOVAN, and
   CINDY MARTEN
10

11

12                UNITED STATES DISTRICT COURT

13              SOUTHERN DISTRICT OF CALIFORNIA

14  MICHAEL GURRIERI, an              CASE NO. 15CV1674W BLM
    individual,
15                                    **DEFENDANT CINDY MARTEN'S**
           Plaintiff,                 **ANSWER TO PLAINTIFF MICHAEL**
16                                    **GURRIERI'S FIRST AMENDED**
                                      **COMPLAINT**
17     v.

18  CARMINA DURAN, an individual,
    ANDRA DONOVAN, an individual,     Judge:             Thomas J. Whelan
19  and CINDY MARTEN, an              Courtroom:         3C
    individual, in their individual   Magistrate Judge:  Barbara L. Major
20  capacities,                       Courtroom:         1110
                                      Trial Date:        Not yet set
21         Defendants.

22

23

24

25

26

27

28

Defendant Cindy Marten (hereinafter "Defendant") answers Plaintiff Michael Gurrieri's ("Plaintiff") First Amended Complaint as follows:

### PARTIES

1.      Defendant admits the allegations of paragraph 1.

2.      Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 2 and, on that basis, denies the allegations of paragraph 2.

3.      Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 3 and, on that basis, denies the allegations of paragraph 3.

4.      Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 4 and, on that basis, denies the allegations of paragraph 4.

5.      Defendant denies the allegations of paragraph 5, except as follows: Defendant is the Superintendent for the San Diego Unified School District and resides in San Diego County, California.

### JURISDICTION AND VENUE

6.      Paragraph 6 requires no response from Defendant.

7.      Any allegation of jurisdiction is a question of law not requiring an answer and Defendant therefore denies the allegations of paragraph 7.

8.      Any allegation of venue is a question of law not requiring an answer and Defendant therefore denies the allegations of paragraph 8, except as follows: Defendant is a resident of California, Defendant is employed in California, and a substantial part of the events alleged in the complaint occurred in San Diego County.

9.      Any allegation of jurisdiction is a question of law not requiring an answer and Defendant therefore denies the allegations of paragraph 9, except as follows:  Defendant is a California resident, Defendant is employed in California,

1   and a substantial part of the events alleged in the complaint occurred in California.

2          10.    Defendant is without sufficient information to admit or deny the

3   allegations of paragraph 10 regarding the San Diego Unified School District Legal

4   Services Office and San Diego Unified School District Risk Management, and, on

5   that basis, denies the allegations of paragraph 10.  Defendant denies the remaining

6   allegations of paragraph 10, except as follows:  Plaintiff served a Notice of Claim

7   dated April 8, 2015 on the Board of Education of San Diego Unified School

8   District on or about April 20, 2015.

9          11.    Defendant is without sufficient knowledge or information to form a

10  belief as to the allegations of paragraph 11 and, on that basis, denies the allegations

11  of paragraph 11.

## STATEMENT OF FACTS

13         12.    Defendant is without sufficient knowledge or information to form a

14  belief as to the allegations of paragraph 12 and, on that basis, denies the allegations

15  of paragraph 12.

16         13.    Defendant is without sufficient knowledge or information to form a

17  belief as to the allegations of paragraph 13 and, on that basis, denies the allegations

18  of paragraph 13.

19         14.    Defendant is without sufficient knowledge or information to form a

20  belief as to the allegations of paragraph 14 and, on that basis, denies the allegations

21  of paragraph 14.

22         15.    Defendant is without sufficient knowledge or information to form a

23  belief as to the allegations of paragraph 15 and, on that basis, denies the allegations

24  of paragraph 15.

25         16.    Defendant is without sufficient knowledge or information to form a

26  belief as to the allegations of paragraph 16 and, on that basis, denies the allegations

27  of paragraph 16.

28         17.    Defendant admits the allegations of paragraph 17.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANT MARTEN'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

3

15CV1674W BLM

Case 3:15-cv-01674-W-BLM   Document 25   Filed 10/15/15   Page 4 of 12

1       18.     Defendant admits the allegations of paragraph 18.

2       19.     Defendant admits the allegations of paragraph 19.

3       20.     Defendant denies the allegations of paragraph 20, except as follows:

4  plaintiff's job was to investigate the facts of the complaints assigned to him and to

5  report on his findings regarding the facts of those complaints.

6       21.     Defendant denies the allegations of paragraph 21, except as follows:

7  plaintiff's job was to investigate the facts of the complaints assigned to him and to

8  report on his findings regarding the facts of those complaints.

9       22.     Paragraph 22 is vague and ambiguous and, on that basis, Defendant

10  denies the allegations of paragraph 22, except as follows: plaintiff's direct

11  supervisor was Carmina Duran.

12       23.     Paragraph 23 is vague and ambiguous and, on that basis, Defendant

13  denies the allegations of paragraph 23, except as follows: Andra Donovan was

14  Carmina Duran's supervisor.

15       24.     Defendant denies the allegations of paragraph 24, except as follows:

16  Andra Donovan had dual reporting responsibilities to Cindy Marten and the School

17  Board of Education

18       25.     Defendant denies the allegations of paragraph 25, except as follows:

19  District procedures provide for a performance evaluation twice during the

20  employee's one-year probationary period, once before the end of six months and

21  once before the end of eleven months.

22       26.     Defendant is without sufficient knowledge or information to form a

23  belief as to the allegations of paragraph 26 and, on that basis, denies the allegations

24  of paragraph 26.

25       27.     Defendant is without sufficient knowledge or information to form a

26  belief as to the allegations of paragraph 27 and, on that basis, denies the allegations

27  of paragraph 27.

28       28.     Defendant is without sufficient knowledge or information to form a

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANT MARTEN'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

15CV1674W BLM

1  belief as to the allegations of paragraph 28 and, on that basis, denies the allegations

2  of paragraph 28.

3        29.     Defendant denies the allegations of paragraph 29.

4        30.     Defendant is without sufficient knowledge or information to form a

5  belief as to the allegations of paragraph 30 and, on that basis, denies the allegations

6  of paragraph 30, except as follows:  In or about May 2014, Student E's parents

7  filed a complaint with San Diego Unified School District.

8        31.     Defendant is without sufficient knowledge or information to form a

9  belief as to the allegations of paragraph 31 and, on that basis, denies the allegations

10  of paragraph 31.

11        32.     Defendant is without sufficient knowledge or information to form a

12  belief as to the allegations of paragraph 32 and, on that basis, denies the allegations

13  of paragraph 32.

14        33.     Defendant is without sufficient knowledge or information to form a

15  belief as to the allegations of paragraph 33 and, on that basis, denies the allegations

16  of paragraph 33.

17        34.     Defendant is without sufficient knowledge or information to form a

18  belief as to the allegations of paragraph 34 and, on that basis, denies the allegations

19  of paragraph 34.

20        35.     Defendant is without sufficient knowledge or information to form a

21  belief as to the allegations of paragraph 35 and, on that basis, denies the allegations

22  of paragraph 35.

23        36.     Paragraph 36 alleges a conclusion of law, which requires no response

24  from Defendant.

25        37.     Defendant is without sufficient knowledge or information to form a

26  belief as to the allegations of paragraph 37 and, on that basis, denies the allegations

27  of paragraph 37.

28        38.     Defendant denies the allegations of paragraph 38, except as follows:

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANT MARTEN'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

5

15CV1674W BLM

1    Ferguson took a leave of absence from SDUSD on or about May 27, 2014.

2         39.    Defendant is without sufficient knowledge or information to form a

3    belief as to the allegations of paragraph 39 and, on that basis, denies the allegations

4    of paragraph 39.

5         40.    Defendant is without sufficient knowledge or information to form a

6    belief as to the allegations of paragraph 40 and, on that basis, denies the allegations

7    of paragraph 40.

8         41.    Defendant is without sufficient knowledge or information to form a

9    belief as to the allegations of paragraph 41 and, on that basis, denies the allegations

10    of paragraph 41.

11        42.    Defendant denies the allegations of paragraph 42.

12        43.    Defendant is without sufficient knowledge or information to form a

13    belief as to the allegations of paragraph 43 and, on that basis, denies the allegations

14    of paragraph 43.

15        44.    Defendant denies the allegations of paragraph 44.

16        45.    Defendant is without sufficient knowledge or information to form a

17    belief as paragraph 45, except as follows:  Defendant denies paragraph 45 as the

18    allegations apply to her.

19        46.    Defendant is without sufficient knowledge or information to form a

20    belief as to the allegations of paragraph 46 and, on that basis, denies the allegations

21    of paragraph 46.

22        47.    Defendant is without sufficient knowledge or information to form a

23    belief as to the allegations of paragraph 47 and, on that basis, denies the allegations

24    of paragraph 47.

25        48.    Defendant is without sufficient knowledge or information to form a

26    belief as to the allegations of paragraph 48 and, on that basis, denies the allegations

27    of paragraph 48.

28        49.    Defendant is without sufficient knowledge or information to form a

1   belief as to the allegations of paragraph 49 and, on that basis, denies the allegations

2   of paragraph 49.

3          50.     Paragraph 50 alleges conclusions of law, which require no response

4   from Defendant.

5          51.     This allegation is vague, ambiguous and overbroad. On that basis,

6   Defendant denies the allegations of paragraph 51.

7          52.     This allegation is vague, ambiguous and overbroad. On that basis,

8   Defendant denies the allegations of paragraph 52, except as follows: plaintiff's job

9   was to prepare an accurate and truthful report that addressed the allegations he was

10  reasonably assigned to investigate, which included investigating any violation of

11  noncompliance with requirements of legislation and/or administrative policies and

12  procedures pertaining to programs administered by the District. It was also part of

13  his job duties to provide relevant reports to management, including recommended

14  corrections and improvements.

15         53.     This allegation is vague, ambiguous and overbroad. On that basis,

16  Defendant denies the allegations of paragraph 53, except as follows: plaintiff's job

17  included a responsibility to investigate allegations and report on conclusions, not

18  allegations. His job duties included investigating any violation of noncompliance

19  with requirements of legislation and/or administrative policies and procedures

20  pertaining to programs administered by the District. It was also part of his job

21  duties to provide relevant reports to management, including recommended

22  corrections and improvements.

23         54.     Defendant denies the allegations of paragraph 54.

24         55.     Defendant denies the allegations of paragraph 55.

25         56.     Defendant denies the allegations of paragraph 56.

26         57.     Defendant is without sufficient knowledge or information to form a

27  belief as to the allegations of paragraph 57 and, on that basis, denies the allegations

28  of paragraph 57.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANT MARTEN'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

7

15CV1674W BLM

1    58.   Defendant is without sufficient knowledge or information to form a

2    belief as to the allegations of paragraph 58 and, on that basis, denies the allegations

3    of paragraph 58.

4    59.   Defendant denies the allegations of paragraph 59.

5    60.   Defendant is without sufficient knowledge or information to form a

6    belief as to the allegations of paragraph 60 and, on that basis, denies the allegations

7    of paragraph 60.

8    61.   Defendant is without sufficient knowledge or information to form a

9    belief as to the allegations of paragraph 61 and, on that basis, denies the allegations

10   of paragraph 61.

11   62.   Defendant is without sufficient knowledge or information to form a

12   belief as to the allegations of paragraph 62 and, on that basis, denies the allegations

13   of paragraph 62.

14   63.   Defendant is without sufficient knowledge or information to form a

15   belief as to the allegations of paragraph 63 and, on that basis, denies the allegations

16   of paragraph 63.

17   64.   Defendant is without sufficient knowledge or information to form a

18   belief as to the allegations of paragraph 64 and, on that basis, denies the allegations

19   of paragraph 64.

20   65.   Defendant is without sufficient knowledge or information to form a

21   belief as to the allegations of paragraph 65 and, on that basis, denies the allegations

22   of paragraph 65.

23   66.   Defendant admits the allegations of paragraph 66.

24   67.   Defendant denies the allegations of paragraph 67.

25   68.   Defendant admits the allegations of paragraph 68.

26   69.   Defendant admits the allegations of paragraph 69.

27   70.   Defendant admits the allegations of paragraph 70.

28   71.   Defendant is without sufficient knowledge or information to form a

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANT MARTEN'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

8

15CV1674W BLM

1  belief as to the allegations of paragraph 71 and, on that basis, denies the allegations

2  of paragraph 71.

3       72.    Defendant is without sufficient knowledge or information to form a

4  belief as to the allegations of paragraph 72 and, on that basis, denies the allegations

5  of paragraph 72.

6       73.    Defendant is without sufficient knowledge or information to form a

7  belief as to the allegations of paragraph 73 and, on that basis, denies the allegations

8  of paragraph 73.

9       74.    Defendant admits the allegations of paragraph 74.

10       75.    Defendant denies the allegations of paragraph 75.

11       76.    Defendant denies the allegations of paragraph 76.

12       77.    Defendant is without sufficient knowledge or information to form a

13  belief as to the allegations of paragraph 77 and, on that basis, denies the allegations

14  of paragraph 77.

15       78.    This allegation is vague, ambiguous and overbroad.  On that basis,

16  Defendant denies the allegations of paragraph 78.

17       79.    Defendant is without sufficient knowledge or information to form a

18  belief as to the allegations of paragraph 79 and, on that basis, denies the allegations

19  of paragraph 79.

20       80.    Defendant is without sufficient knowledge or information to form a

21  belief as to the allegations of paragraph 80 and, on that basis, denies the allegations

22  of paragraph 80.

23       81.    Defendant denies the allegation of paragraph 81.

24       82.    Paragraph 82 alleges a conclusion of law, which requires no response

25  from Defendant.

26       83.    This allegation is vague, ambiguous and overbroad.  On that basis,

27  Defendant denies the allegations of paragraph 83.

28       84.    Defendant is without sufficient knowledge or information to form a

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANT MARTEN'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

9                        15CV1674W BLM

1  belief as to the allegations of paragraph 84 and, on that basis, denies the allegations

2  of paragraph 84.

3      85.    Defendant is without sufficient knowledge or information to form a

4  belief as to the allegations of paragraph 85 and, on that basis, denies the allegations

5  of paragraph 85.

6      86.    Defendant is without sufficient knowledge or information to form a

7  belief as to the allegations of paragraph 86 and, on that basis, denies the allegations

8  of paragraph 86.

9      87.    Defendant is without sufficient knowledge or information to form a

10  belief as to the allegations of paragraph 87 and, on that basis, denies the allegations

11  of paragraph 87.

12      88.    Defendant is without sufficient knowledge or information to form a

13  belief as to the allegations of paragraph 88 and, on that basis, denies the allegations

14  of paragraph 88.

15      89.    Defendant is without sufficient knowledge or information to form a

16  belief as to the allegations of paragraph 89 and, on that basis, denies the allegations

17  of paragraph 89.

18      90.    Paragraph 90, in part, alleges a legal conclusion, which requires no

19  response from Defendant.  As to the remaining portions of paragraph 90,

20  Defendant is without sufficient knowledge or information to form a belief as

21  paragraph 90, except as follows:  Defendant denies paragraph 90 as the allegations

22  apply to her.

23      91.    Defendant is without sufficient knowledge or information to form a

24  belief as paragraph 91, except as follows:  Defendant denies paragraph 91 as the

25  allegations apply to her.

26      92.    Defendant denies the allegations of paragraph 92.

27      93.    Defendant denies the allegations of paragraph 93.

28      94.    Defendant denies the allegations of paragraph 94.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANT MARTEN'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

10

15CV1674W BLM

1    95.    Defendant denies the allegations of paragraph 95.

2    96.    Paragraph 96 alleges conclusions of law, which require no response

3  from Defendant.

4    97.    Defendant denies the allegations of paragraph 97.

**FIRST CLAIM FOR RELIEF:  VIOLATION OF PLAINTIFF'S FIRST**

**AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. § 1983**

7    98.    Paragraph 98 requires no response from Defendant.

8    99.    Paragraph 99 alleges conclusions of law, which require no response

9  from Defendant.

10    100.   Defendant denies the allegations of paragraph 100 as they apply to

11  her.  As to other individuals, Defendant is without sufficient knowledge or

12  information to form a belief as to the allegations of paragraph 100 and, on that

13  basis, denies the allegations of paragraph 100.

14    101.   Defendant denies the allegations of paragraph 101, except as follows:

15  plaintiff's job duties included preparing an accurate and truthful report that reached

16  conclusions on the allegations he was assigned to investigate.

17    102.   Paragraph 102 alleges a legal conclusion, which requires no response

18  from Defendant.

19    103.   Defendant denies the allegations of paragraph 103.

20    104.   Defendant denies the allegations of paragraph 104.

21    105.   Paragraph 105 requires no response from Defendant.

22    106.   Defendant denies the allegations of paragraph 106.

23    107.   Paragraph 107 requires no response from Defendant.

**AFFIRMATIVE DEFENSES**

25    As separate and further affirmative defenses to Plaintiff's Complaint, Marten

26  alleges as follows, on information and belief:

**FIRST AFFIRMATIVE DEFENSE**

28    Plaintiff's complaint is barred by the applicable statutes of limitation.

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

DEFENDANT MARTEN'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

11

15CV1674W BLM

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, and/or his damages are limited by the after-acquired evidence doctrine.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's causes of action, and each of them, fail to state facts sufficient to support an award of punitive damages against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action, and each of them, are barred in whole or in part by Plaintiff's failure to mitigate damages.

//

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails, in whole or in part, because Defendant is protected by a qualified immunity.

WHEREFORE, Defendant prays that:

1. Plaintiff be denied relief by way of his Complaint;

2. Plaintiff's Complaint be dismissed;

3. Defendant be dismissed with costs of suit;

4. Defendant be awarded its reasonable attorneys' fees as may be determined by the Court; and

5. For such other and further relief as the Court deems proper.

Dated: October 15, 2015

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: /s/ Douglas R. Clifford
    MICHAEL C. SULLIVAN
    FREYAAN Y. KARANJIA
    DOUGLAS R. CLIFFORD
    Attorneys for Defendants
    CARMINA DURAN, ANDRA
    DONOVAN, and CINDY MARTEN

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANT MARTEN'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

12

15CV1674W BLM